**E-Filed 9/30/08**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LUIS HUMBERTO LOPEZ,<br><br>　　　　　　　Petitioner/Defendant,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　Respondent/Plaintiff. | Case Number C 05-03314 JF<br>　　　　　　　CR 00-20336 JF<br><br>ORDER[1] DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 |

Petitioner/Defendant Luis Humberto Lopez ("Petitioner") moves to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. The Court has read the moving and responding papers and has considered the applicable law. For the reasons set forth below, the motion will be denied.

**I. BACKGROUND**

On November 8, 2000, a federal grand jury indicted Petitioner, his brother Jorge Lopez, and co-defendants Christopher and Geraldo Reveulta (also brothers) for conspiracy to manufacture, distribute and possess methamphetamine. On November 5, 2002, on the advice of

---

[1] This disposition is not designated for publication in the official reports.

counsel, Petitioner entered into a plea agreement with the United States Attorney's Office for the Northern District of California ("the Government"). Petitioner pled guilty to the first count of the indictment – conspiracy to manufacture methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846 – and promised to cooperate with the Government in order to receive a reduced sentence. However, Petitioner did not comply with the terms of the agreement and did not receive a sentence reduction. Pursuant to 28 U.S.C. § 2255, he seeks to vacate, set aside or correct his sentence on the ground that he received ineffective assistance of counsel. The Government opposes the motion.

### A. Underlying Offense

From August 1999 through July 2000, Petitioner, his brother Jorge and the Revuelta brothers purchased approximately 4,000 gallons of Freon R113, a substance used to manufacture methamphetamine. Plea Agreement at ¶ 1. Petitioner and Jorge purchased Freon from All Discount Laboratory Supply for their customers, as well as for the Reveulta brothers. *Id.* at ¶ 2. They set up a storage facility to hold Freon they had purchased until it could be picked up by their customers. *Id.* Although not personally involved in every Freon transaction, Petitioner acknowledged that he made more purchases than his brother and sometimes worked directly with manufacturers or other chemical brokers. *Id.* at ¶ 5. Petitioner knew that his customers used the Freon to manufacture methamphetamine. *Id* at ¶ 1.

### B. Representation by Counsel

Shortly after the underlying case was filed, Petitioner retained attorney Stuart Kirchick to represent him. Kirchick informed Petitioner that it was unlikely that he would prevail at trial, and that it was in his best interest to seek a plea agreement with the Government; Petitioner agreed. Kirchick negotiated with Government counsel about the possibility of reducing his client's sentence. In November of 2003, Petitioner entered into a plea agreement that required him to provide substantial assistance to the Government, including giving truthful, complete

interviews and testifying at any court proceeding as requested by the Government.[2]

For reasons that are unclear, Kirchick failed to attend the first scheduled debriefing session, and Petitioner did not provide a statement to the government. Although, Kirchick rescheduled the meeting, he was unable to persuade Petitioner to attend. Petitioner claims that he told Kirchick that he was scared of what might happen to him if he went through with the meeting. The Government declared Petitioner in breach of the plea agreement and ineligible for the sentence reductions contained therein. On June 22, 2004, Petitioner was sentenced to 151 months imprisonment, 5 years of supervised release and a $100 special assessment. This sentence represented the low-end of the applicable guideline range.

## II. LEGAL STANDARD

A prisoner in federal custody may move the sentencing court to vacate, set aside or correct his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Blaylock*, 20 F.3d 1458, 1456 (9th Cir. 1994) (quoting 28 U.S.C. § 2255). In deciding whether the movant is entitled to an evidentiary hearing, the district court should determine if, assuming the truth of the movant's claims, he could prevail. *Id.*

Claims of ineffective assistance of counsel are reviewed pursuant to the two-prong test established by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). First, the petitioner must show that his counsel's performance was deficient. This requires showing that defense counsel made errors so serious that representation fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. The relevant inquiry is not what defense counsel

---

[2]The plea agreement was entered into pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).

1  could have done, but rather whether the choices made by defense counsel were reasonable.
2  *Babbitt v. Calderon*, 151 F.3d 1170, 1173 (9th Cir. 1998).  "Review of counsel's performance is
3  highly deferential and there is a strong presumption that counsel's conduct fell within the wide
4  range of reasonable representation." *Henley v. Crist*, 67 F.3d 181, 185 (9th Cir. 1995) (citation
5  omitted).  "Tactical decisions that are not objectively unreasonable do not constitute ineffective
6  assistance of counsel." *Id.*

7  Second, the petitioner must show that the deficient performance prejudiced the defense.
8  *Strickland*, 466 U.S. at 687-88.  Merely showing that the defense was impaired is insufficient.
9  *Id.* at 693.  The petitioner must show that "there is a reasonable probability that, but for counsel's
10  unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.  A
11  "reasonable probability" is defined as "a probability sufficient to undermine confidence in the
12  outcome." *Id.*

### III.  DISCUSSION

Petitioner claims that Kirchick's performance was deficient in two respects.  First,
Petitioner asserts that Kirchick failed to explain the requirements of the applicable "safety valve"
provision of the sentencing guidelines during the post-plea cooperation period.  Second,
Petitioner claims that Kirchick did not request a "minor participant" role reduction at sentencing.
Neither of these claims has merit.

**A.  Post-Plea Cooperation Period**

Petitioner alleges that after entering into the plea agreement, he told Kirchick that he did
not want to cooperate because he was scared.  Kirchick did not ask why Petitioner was scared,
but if he had asked, he would have learned that Petitioner feared for the safety of his family in the
event he testified against his co-conspirators.  Petitioner asserts that had Kirchick known the
basis of Petitioner's fear, Kirchick could have explained that the safety valve provision did not
require Petitioner to testify against individuals, but only to provide more general assistance to the
Government.

The United States Sentencing Guidelines provide an exception to the statutory mandatory
minimum sentence for certain drug offenders.  Known as the "safety-valve," *U.S. v. Lopez*, 163

F.3d 1142, 1143 (9th Cir. 1998), this exception reduces a defendant's sentence by two levels if he truthfully provides to the Government all information and evidence he has concerning his offense. U.S.S.G. § 2D1.1(b)(6); U.S.S.G. § 5C1.2.[3] Additionally, the Guidelines offer a broader exception, allowing the court to depart from the Guidelines altogether, when the defendant "has provided substantial assistance in the investigation or prosecution of another person who has committed an offense." U.S.S.G. § 5K1.1. In the present case, the relevant distinction is that the safety valve provision does not require a defendant to testify against other individuals at trial. *See U.S. v. Shresta*, 86 F.3d 935, 939 (9th Cir. 1996). Petitioner claims that Kirchick's alleged failure to explain this distinction deprived him of the opportunity to make an informed choice about whether to meet with the Government as required under the plea agreement.

One of the many problems with Petitioner's argument is that his plea agreement was not limited to the safety valve provisions. To the contrary the agreement expressly required him to provide substantial assistance, including testimony. While Petitioner may wish that Kirchick had negotiated a different agreement, the agreement actually entered into by Petitioner speaks for itself. Petitioner confirmed his understanding of all of the provisions of the plea agreement during his Rule 11 colloquy. Petitioner stated under oath that he was satisfied with Kirchick's representation and that he understood everything in the plea agreement. "Representations of the defendant at a plea hearing, as well as any findings made by the judge accepting the plea, constitute a 'formidable barrier in any subsequent proceedings.' " *Hardison v. Newland*, 2003 WL 23025432 at *4 (N.D.Cal. 2003) (citing *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977)). "Solemn declarations in open court carry a strong presumption of verity." *Blackledge*, 431 U.S. at 74.

Moreover, Kirchick's alleged failure to explain the less burdensome requirements under

---

[3] "The court shall use the Guidelines Manual in effect on the date that the defendant is sentenced." U.S.S.G. § 1B1.11(a). The November 2003 edition of the guidelines was in effect at the time of Petitioner's June 2004 sentencing date. All further references to the guidelines cite to this edition.

the "safety valve" provision did not constitute ineffective assistance. Petitioners making similar claims that they would have pled guilty absent alleged ineffective assistance of counsel have been required to present additional "objective evidence" that they would have accepted a different plea offer. *See United States v. Gordon*, 156 F.3d 367, 380-81 (2nd Cir. 1998); *Diaz v. United States*, 930 F.2d 832, 835 (11th Cir. 1991); *Johnson v. Duckworth*, 793 F.2d 898, 902 n. 3 (7th Cir. 1986). Here, Petitioner offers only his statement that had Kirchick inquired as to *why* Petitioner was refusing to honor the plea agreement, Kirchick would have learned Petitioner's reasons and potentially could have obtained a sentence reduction under the "safety valve" provision. However, there is no evidence in the record that Petitioner would have qualified for the safety valve or that an agreement based on the safety valve would have been offered.

To qualify for "safety valve" sentence reduction, a defendant must meet five criteria, including that "the defendant was not an organizer, leader, manager, or supervisor of others in the offense." U.S.S.G. § 2D1.1(b)(6). Here, Petitioner assumes without analysis that he qualified for an offense level reduction pursuant to this provision. As discussed below, significant evidence in the case shows that Petitioner was a leader in the conspiracy.

**B. Sentencing**

Petitioner next claims that Kirchick provided ineffective assistance at sentencing because he failed to seek a "minor participant" role reduction. Under U.S.S.G. § 3B1.2(b), a defendant is entitled to a decrease in the offense level "[i]f the defendant was a minor participant in any criminal activity." To qualify for sentence reduction, a "minor participant" must be deemed "less culpable than most other participants but [his] role could not be described as minimal." *U.S. v. Rojas-Millan*, 234 F.3d 464, 472 (9th Cir. 2000) (quoting U.S.S.G. § 3B1.2, comment (n. 3)).[4] Other circuits have held that a defendant's role as a "middle man" or "broker" does not necessarily entitle him to a minor role reduction. *See U.S. v. Hargrett*, 156 F.3d 447 (2d Cir.

---

[4] In the edition of the Sentencing Guidelines applicable here, the application note cited by *Rojas-Millan* reads "*substantially* less culpable than the average participant." U.S.S.G. § 3b1.2, Application Note 3(A) (emphasis added).

1998) (upholding denial of a minor role reduction for middle man in crack transactions). Courts have denied a minor role reduction where defendant allowed his property to be used to store drugs, *see U.S. v. Gourley*, 168 F.3d 165 (5th Cir. 1999) (defendant leased warehouse to store cocaine), or merely provided transportation services and made deliveries, s*ee U.S. v. Antonakeas*, 255 F.3d 714 (9th Cir. 2001) (defendant supplied kilograms of cocaine on multiple occasions); *U.S. v. Lopez*, 163 F.3d 1142 (9th Cir. 1998) (defendant delivered the heroin and received the money). Participants in methamphetamine laboratories also have been denied minor role reductions. *See U.S. v. Coleman*, 148 F.3d 897 (8th Cir. 1998) (holding that each defendant had an important role in the methamphetamine conspiracy).

Petitioner asserts that he would have qualified for a "minor role" reduction because he worked in concert with more culpable methamphetamine manufacturers. However, he fails to provide any support for the conclusion that a supplier of a necessary ingredient would be substantially less culpable than the manufacturers who finalize production of methamphetamine. Petitioner worked closely with the Reveulta brothers to purchase large amounts of Freon, which he knew would be used to manufacture methamphetamine, and even engaged in his own operation to provide Freon to his own customers. He and his brother set up a storage facility to hold Freon that they had purchased until it could be picked up by their customers. Accordingly, it is highly unlikely that any judge would have granted a minor role adjustment. Failure to raise weak arguments shows competence, not incompetence, and often precludes a finding of prejudice. *Miller v. Keeney*, 882 F.2d 1428, 1434 (9th Cir. 1989).

## IV. ORDER

Good cause therefore appearing, IT IS HEREBY ORDERED that the motion to vacate, set aside or correct sentence is DENIED.

DATED: September 30, 2008

_____
JEREMY FOGEL
United States District Judge

1  This Order has been served upon the following persons:

2

3  <u>Petitioner/Defendant *pro se*</u>
   Luis Humberto Lopez
   99453-111
4  Taft Correctional Institution
   P.O. Box 7001
5  Taft, CA 93268

6  <u>Counsel for Respondent/Plaintiff</u>
   Karen D. Beausey
7  Assistant United States Attorney
   450 Golden Gate Avenue, Box 36055
8  San Francisco, CA 94102

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 05-03314 JF
ORDER DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE
(JFEX1)